ORIGINAL

Prob 12C
(Rev. 1/06 D/HI)

## SEALED BY ORDER OF THE COURT

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

## United States District Court

NOV 0 2 2006

### for the

at ____ o'clock and ____ min ____ M
SUE BEITIA, CLERK

### DISTRICT OF HAWAII

U.S.A. vs. <u>MARK POMELE</u>                         Docket No. <u>CR 00-00148HG-01</u>

### REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW CARTER A. LEE, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Mark Pomele who was placed on supervision by the Honorable Helen Gillmor sitting in the Court at Honolulu, Hawaii, on the 16th day of January 2001, who fixed the period of supervision at 6 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the judgment.

The subject began his term of supervised release on 4/4/2006.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his Supervised Release (Probation Form 7A is attached) as follows:

1. The subject failed to follow 4/4/2006 verbal instruction to submit to DNA and 6/23/2006 verbal instruction to contact Probation Officer, in violation of Standard Condition No. 3.

2. The subject associated with felon Nicole Nash without the permission of the Probation Officer, in violation of Standard Condition No. 9.



SEALED
BY ORDER OF THE COURT

Prob 12C
(Rev. 1/06 D/HI)

2

3.   The subject refused to submit to drug testing at Freedom Recovery Services, Inc. (FRS), on 7/12/2006 and 8/7/2006, in violation of Special Condition No. 1.

4.   The subject associated with felon Elizabeth Jones without the permission of the Probation Officer, in violation of Standard Condition No. 9.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on   11/1/2006

CARTER A. LEE
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Prob 12C
·(Rev. 1/06 D/HI)

3

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL Warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL Warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 1st day of November, 2006, and ordered filed and made a part of the records in the above case.


HELEN GILLMOR
Chief U.S. District Judge

Re:    **POMELE, Mark**
       **Criminal No. CR 00-00148HG-01**
       **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

As Your Honor may recall, the subject was convicted of Possession With Intent to Distribute and Distribution of Cocaine Base Within 1,000 Feet of a Playground (Counts 1 to 3). On 1/16/2001, the subject was sentenced to 95 months imprisonment followed by 6 years of supervised release with general and special conditions as stated in the petition.

Since the start of his term of supervised release on 4/4/2006, the subject has incurred the following violations:

### Violation No. 1 - Failure to Follow 4/4/2006 Verbal Instruction to Submit to DNA Testing and 6/23/2006 Verbal Instruction to Contact Probation Officer:

On 4/4/2006, the subject reported to the U.S. Probation Office upon his release from Mahoney Hale. While being processed for supervision, the subject acknowledged that he understood the conditions of supervised release and executed the Conditions of Probation and Supervised Release (Probation Form 7A). During the meeting, the subject was instructed to report to the Federal Detention Center (FDC) to submit to mandatory DNA testing on 5/4/2006. The subject acknowledged that he understood the instruction and agreed to comply. Despite a subsequent reminder on 4/26/2006, the subject failed to submit to DNA testing on 5/4/2006. When confronted about the violation, the subject reported that he could not secure transportation to the FDC.

On 6/23/2006, the subject requested to relocate to another residence. This officer referred the subject to several housing resources and instructed him to contact this officer to confirm his residence no later than 6/25/2006. The subject failed to contact this officer on 6/25/2006. On 6/30/2006, the subject left a message at the U.S. Probation Office. In the message, the subject apologized for the violation and added that he was "very busy."

### Violation No. 2 - Associating With Felon Nicole Nash, Without the Permission of the Probation Officer:

On 6/22/2006, the subject appeared in the First Circuit Court, State of Hawaii, to address state probation violations stemming from prior state offenses. During the hearing, this officer observed felon Nicole Nash in the courtroom gallery with the subject's family. As Your Honor may recall, Ms. Nash is currently on federal supervision and has been residing at Mahoney Hale as a sanction for multiple violations of her supervised release.

Re:    **POMELE, Mark**
       **Criminal No. CR 00-00148HG-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**

On 6/23/2006, the subject reported to the U.S. Probation Office to discuss various issues, including the presence of Nash at his state court proceeding. The subject was reminded that he is prohibited from associating with any felons pursuant to Standard Condition No. 9. The subject reported that he was unaware Nash would be present at his state court proceeding and agreed to have no further contact with Nash.

On 6/27/2006, Mahoney Hale personnel reported that Ms. Nash was in possession of the subject's cellular phone. The cellular phone was confiscated as facility contraband and provided to this officer. Subsequent attempts to contact the subject were unsuccessful. On 7/6/2006, Mahoney Hale personnel reported that the subject attempted to contact Nash to inquire about his cellular phone. The subject was not allowed to speak with Nash and instructed to report to this officer.

On 7/12/2006, the subject reported for an office visit. During the visit, the subject admitted to attempting to contact Nash and the other violations listed above. The subject also explained that a member of his family provided the cellular telephone to Nash during the hearing in First Circuit Court. The subject executed a behavioral contract in which he acknowledged the violations and agreed to comply with his conditions of supervised release.

On 8/16/2006, U.S. Probation Officer J. Martin Romualdez confiscated another cellular telephone from Nash. It was later determined that the subject had left several voice messages on Nash's cellular phone. On 8/22/2006, the subject reported for an office visit. When questioned about the voice messages, the subject adamantly denied any contact with Nash. However, when presented with his voice messages on her phone, the subject immediately admitted to associating with Nash and explained that he was "in love." The subject also acknowledged that this officer had instructed him not to have any contact with Nash. In an effort to enforce compliance with his conditions of supervision, this officer received permission from Your Honor to have the subject attend an unrelated revocation proceeding later that afternoon. After the hearing, Your Honor addressed the subject directly and specifically warned him that his conduct was not acceptable and further noncompliance would not be tolerated. In addition, Your Honor ordered the subject to refrain from associating with Nash or any other felons.

**Violation No. 3 - Refusal to Comply With Drug Testing on 7/12/2006 and 8/7/2006:**

On 7/13/2006, FRS reported that the subject failed to report for drug testing on 7/12/2006. When confronted about the stall, the subject admitted that he did not

Re:    **POMELE, Mark**
       **Criminal No. CR 00-00148HG-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 3**

appear for drug testing that day.  To address his misconduct, the subject agreed to attend Alcoholics Anonymous\Narcotics Anonymous classes twice a week for a total of 14 sessions.

On 8/8/2006, FRS reported that the subject failed to report for drug testing on 8/7/2006.  When confronted about the stall, the subject admitted that did not report for drug testing because he fell asleep after working all day.  The subject was verbally admonished and warned that further noncompliance would not be tolerated.  The subject acknowledged the warning and expressed remorse for being irresponsible.

### Violation No. 4 - Associating With Felon Elizabeth Jones, Without the Permission of the Probation Officer:

On 10/23/2006, U.S. Probation Officer J. Martin Romualdez confiscated a cellular telephone from felon Elizabeth Jones.  After further investigation, Jones admitted to associating with at least ten other felons, including the subject.  The cellular phone reflected six separate telephone calls between Jones and the subject on 10/20/2006.  Jones reported that she met the subject at FRS, but denied being aware of his felony conviction.  However, it was later determined that Jones and the subject both resided at Mahoney Hale from October 2005 to February 2006.

On 10/25/2006, the subject reported for an office visit.  During the office visit, the subject initially denied any association with Nicole Nash or any other felons.  The subject continued to deny any associations until this officer identified Elizabeth Jones and their contact on 10/20/2006.  The subject then admitted to having contact with Jones and that he was aware of her felony status because they both resided at Mahoney Hale and participated in treatment at FRS.  Upon further investigation, the subject also admitted to associating with other felons outside of work and treatment.  The subject then apologized for this misconduct and expressed remorse for his continued association with felons.

The repetitive nature of the subject's noncompliant behavior since his release on supervision indicates he will not comply with his Court-ordered conditions of supervised release.  In this regard, the subject has exhibited a pattern of deceitful behavior with respect to his association with felons.  In addition to those association violations, the subject has failed to report for drug testing and follow the verbal instructions of this officer.  The subject's willingness to engage in such behavior indicates he does not recognize the seriousness of his legal situation and will likely commit further violations while on supervised release whenever he feels justified.  Based on the aforementioned violations, it is respectfully recommended that a No Bail warrant be issued and that the subject be brought before the Court to show cause why supervision should not be

**Re:    POMELE, Mark**
**Criminal No. CR 00-00148HG-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 4**

revoked.  In support of the recommendation for a No Bail warrant, it is noted that the
subject has a history of violent behavior and has been designated as a career offender.

Respectfully submitted by,

CARTER A. LEE
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

CAL/pts

Re:    **POMELE, Mark**
       **Criminal No. CR 00-00148HG-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 5**

## NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION

That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

That the defendant is prohibited from the possession and use of alcohol.

PROB 7A
(Rev. 9/00; D/HI 10/05)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

### FOR THE

### DISTRICT OF HAWAII

To:     MARK POMELE                    Docket No.  CR 00-00148HG-01
Address:

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Helen Gillmor, Chief U.S. District Court Judge for the District of Hawaii. The defendant's term of supervision is for a period of six (6) years commencing upon release from confinement (4/4/2006).

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

The defendant shall not commit another federal, state, or local crime.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)    The defendant shall support his or her dependents and meet other family responsibilities;

(5)    The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)    The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)   The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

See next page for special conditions

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    2-16-06
                 MARK POMELE, Defendant              Date

_____    2-16-06
                 CARTER A. LEE              Date
                 U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE:    MARK POMELE
       Docket No. CR 00-00148HG-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

1)    That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2)    That the defendant is prohibited from possessing any illegal or dangerous weapons.

3)    Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map attached to the Judgment.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    2-16-06
         MARK POMELE, Defendant         Date

_____               2/16/06
CARTER A. LEE                            Date
U.S. Probation Officer